We'll just have a moment, Council, while opposing Council is getting settled. I'm just going to say we have the same argument next Wednesday. Well, this is available on video if you want to use it. Hold on, I can't hear a word you're saying. I said this is on video. So if you want to you want to refresh yourself about how the argument went, you can surely review it. Say it again, Your Honor. I said all our arguments are on video and stored. So if you want to, you have the same argument next Wednesday. You might want to look at the video. It's a Doyle argument, but it's kind of the same. All right, we're ready to go, if you are. You betcha. My name is Michael Bigelow, if it please the court, and I represent Mr. Mendoza in this matter. The first thing I would like to do before we get into the areas that I think you're going to want to get into is that in my reply brief at page 22, I made a horrible mistake and I attempted to quote magistrate judge's findings. It's in the tolling section of my reply brief, and I misquoted it, although not by much. The part that I wanted to to to quote was his findings at the further excerpts of record page 37. And I would note also that the AG filed objections in document 24, which is not part of the excerpts of record. But he referenced that same section at page eight and conceded to the magistrate judge's findings. All right. That said, let me start with this. Judge Hurwitz, you and Judge Watford about three weeks ago took a U.S. attorney to task because he was trying to prove plea negotiations. In the Schwartz case, I think it was. He was trying to prove plea negotiations, but had absolutely no evidence to support any facet of his explanation that there were, in fact, plea negotiations. That's not the case, and that's not the case here. So, counsel, could we get to the point in this case? The point is that there was a plea. And I think everyone agrees that the there was ineffective assistance of counsel in this case, right? We're deficient, deficient, deficient. There was a deficiency in the representation. The issue becomes whether or not there's prejudice, prejudice based on that. I couldn't agree more, Your Honor. I think the I think the AG will disagree with you. Well, well, if if if you think the AG will disagree that there was a finding of of ineffective assistance or deficient performance. Well, let's well, the AG can speak for himself. But if if I thought the court found that there was deficient. All three courts did. Four judges did. OK, let's let's start from that premise, but also found no prejudice, correct? Yes. OK, so tell us why that finding of no prejudice was contrary to or unreasonable application of clearly established federal law. And do you agree that the law is strickland? That the law is what, Your Honor? The applicable law is strickland. Oh, yes. OK. So tell us why that finding of no prejudice is contrary to or an unreasonable deterrent application of strickland. It's unreasonable, as two magistrate judges found and one district judge found the other way. So I mean, it's just we're not we're not. And and some state court judges found the other way. We're not weighing. We're not counting the number of judges on one side or another. So tell us why on the on the on the same on the same facts. Well, it's not really true. OK, let's let you get us where we need to go. Tell us why in this case the record establishes that your client would not have pleaded guilty. Had he known that this would have been his second strike? Let me preface it just a little bit by saying that this information, the information that I am about to argue was before the Superior Court judge, as well as well, let me make it easier for you. Let me tell you what I think the record shows us in this case. And then you can tell us you can tell us whether or not it was enough. This was no one disputes. This was a second strike, correct? Actually, no, it was a first strike. Well, OK, but it didn't it wasn't a third strike. This this this guilty plea did not make him did not did not was not his third strike, correct? Whether it was or was not. Yes, yes, yes. You can tell me why it doesn't matter in a minute. I'm just trying to establish the facts. He was charged with crimes that would have given him a potential sentence of, I think, 10 years. Am I correct? Give or take. And he pleaded. Some of them were dismissed and returned for his guilty plea. And he got a three year sentence. Correct. And and whatever effect this conviction had, it didn't increase his sentence at all. In other words, it wasn't a third strike. That's not the prejudice. Could you just answer the question? Yes. OK, I'm sorry. So so given all that, here's what I have. I have somebody accused of a serious crime in which he appears to have no defense because the DNA evidence shows he pleaded guilty and everybody conceded at the time of the guilty plea, it was a strong case because the colloquy is in here. He doesn't seem to have a good defense. He pleads guilty and reduces substantially the amount of time that he faces if he had gone to trial. And this conviction is not a third strike. So those are the facts I know from the record. Tell me why those aren't enough to make sense. The state court. Tell me why they're not enough to show why the state court non prejudice finding was unreasonable. Lee says you're focusing on the wrong issue. You're focusing on the length of the sentence. You're focusing on whether or not he'd be convicted. You're focusing on. On the sentence. The prejudice in this case is not the sentence. The prejudice in this case is not the strike. The prejudice in this case is that because of his attorney's ineffective assistance and misadvice, he pled guilty. And gave to something he didn't want to plead guilty to. He didn't say you've got to you've got to your side of the argument has got to be had he been properly advised, he would not have pleaded guilty. That's absolutely correct. OK, and we know from our case law that merely a defendant merely saying so isn't enough to establish that. We have to look at all the facts of the case. So I'm trying to ask you to to address the facts of the case and tell me why, given those, it wasn't a reasonable conclusion for the state court to find no prejudice. He said I didn't want to plead. What else is there? He did. He said he wouldn't have pled guilty. What else is there in the record to corroborate his statement that he would not have pled guilty if if he had known it would result in the second strike? What's in the record? The transcript itself is in the record and very much a part of his explanation. Trial counsel said we found this section. This is the section. And the judge says. It's not a strike. And everybody says, yeah, it's not a strike. And so the guy pleads, he pleads on the last day of trial or he pleads on the day of trial, at least. He knew he had he knew what a strike was because he had a strike, but it was a subsequent strike, which is why what he pled to was not. So what he pled to would have been a first strike. The one he pled to was the first. But his prior one would have been a second. And his prior conviction would have been a second in effect. Right. In other words, after this, after this was all over, he had two strikes, did he not? No. After this was all over. Well, yes, yes, yes. He had a subsequent strike. Yes. OK. So he knew what he knew what a strike was. He did not want a strike. He no one wants a strike. But here's here's my question. He got a pretty good deal, it seems to me, based on this record. Nobody's disputing that. Nobody's disputing that he was properly advised except for the strike. So what you're really saying is in order to he was worried that he might commit a felony sometime in the future that would qualify as a third strike. No, no, that that that is that is an incorrect analysis, Your Honor. That's the analysis that the Lee court said you can't do. You can't worry about those kinds of things, what kinds of things you can't worry about, what kinds of things? The sentence, you've got to focus. On the sentence itself, on the consequences of the sentence. What what was this defendant deprived of because his lawyer gave him misadvice? He was deprived of the right. We all agree about that. So you're I take it your argument is since the defendant says he wouldn't have pleaded guilty had he been told this qualified as a strike. The state court finding of no prejudice is unreasonable. Yes. Is there anything else that that makes it unreasonable? I mean, you may be right. I'm just trying to explore the record. Anything else that we should take into account in determining whether or not the state court prejudice determination was unreasonable? Other than the defendant saying I wouldn't have done it, which I think is pretty well established by the record. I don't think anybody doubts that he says it. Well, other than the thing, the very things that the magistrate judge found. And, you know, that is that he had multiple conversations with his lawyer that he did not want to plead guilty. Counsel, may I ask you, if we agree with you, what remedy what would be the appropriate remedy if we agree with you and say that the the state court's finding of prejudice was unreasonable? Did what happened? It's a little bit out of the park. I would agree. I think the only thing that I think the only thing this court can do is to vacate, reverse the conviction, reverse the judgment. They could retry him, couldn't they? I'm sorry. Could they retry? Yeah, I think they probably could. Yeah. I mean, I always I think I think the conviction gets reversed. Do I want that? No. Well, and with the evidence they have, which I know you might dispute, but at least in looking at it as a habeas judge, I'm not sure I want to be I'm not sure I want to be tried. If this is my transfer, did you read my transfer memo? The problem is sometimes be careful what you ask for, because if we agree with you and reverse the the case and he withdraws his guilty plea, then we're back at square one and the government can take him to trial. I learned a long time ago that if your lawyer and this is exactly what. This trial counsel should have done, if your client tells you he wants to do something, you got two choices, you withdraw from the case or you do what he does, unless it's illegal. All right. Everything from day one, nine years this case has been going on. It's been I want my conviction reversed. Well, that may well. OK. Yeah. And your client's entitled. Of course. I'm sorry. You were over. You were over talking. Of course. Of course. Your client is entitled to that. I just wanted to be sure that we were clear about what the ramifications of that might be. Yes. No, that's that's it. Thank you. Thank you. No further questions, I'll reserve my two and a half minutes. Thank you, counsel. Thank you very much for. I've got to collect all my stuff together. Good morning, may it please the court, Justin Riley on behalf of the appellee. Can you, at the beginning, can you help us out and tell us, was the state court finding a Chapman finding? In other words, there's a state court finding of no prejudice. Where is it and how do we review it? Where is it? Where do I find it in the record? That is, I'm just going to grab the evidence here, that was a strictly prejudice analysis. Yes, I mean, I'm trying to figure out whether we're reviewing a California Supreme Court denial of habeas or are we reviewing a superior court? What are we doing? So, if Your Honor is referring to the Robinson case out of California. No, I'm actually referring to, I'm just trying to find where in the record is the finding of no prejudice by the state court that we're reviewing for reasonableness. In other words, what was the last reason decision? Or do you agree that we review the last reason decision? I do agree that you would review the last reason decision and in my. And what was that in this case? I make the argument in my brief that that was the California Supreme Court silent denial on. So, you think it's the silent denial? Exactly. And therefore, because we do the California Supreme Court's work for them on silent denials, we should view that as a Chapman beyond a reasonable doubt no prejudice finding? No, that would still be a Strickland denial. But how is it a reasoned decision? How is that a reasoned decision under Strickland? Harrington versus Richter out of the Supreme Court has described the collateral review silent denials out of California as merits adjudication. I'm sorry, there is a Superior Court. That's what I was trying to get to. There's a Superior Court order in this case. Exactly. So, we look through the California Supreme Court's postcard denial, if you will, to the Superior Court order to figure out what the prejudice finding is? That has been always what this court has done up until the Robinson case. That's what I wanted to get to. So, in Robinson, this court certified a question to the California Supreme Court regarding timeliness. And one of the premises upon which that certified question was issued is that the California Supreme Court on collateral review, the higher courts reviewed the lower court decisions. And so, in the Ninth Circuit Robinson case, the panel was worried about do the intervals between those denials on collateral review, do they toll, essentially? In answering that question, the California Supreme Court in Robinson had to address the review question specifically and said, the premise is all wrong. We do not directly review lower court decisions. And that was a sea change. Going back almost 20 years, the United States Supreme Court, using the Yule's presumption, presumed that California courts were reviewing lower court decisions in some way, shape, or form. That's not true in Habeas. That's always been distinct decisions in Habeas. The California Supreme Court, a Habeas petition can be filed first in the California Supreme Court. And so, that's never been true for Habeas, that the California Supreme Court was reviewing the lower court's decision. The line of cases from the Supreme Court are timeliness cases, but they start with Saffold. And what the United States Supreme Court presumed that California was doing is on collateral review as it acted like direct review. They recognized that original jurisdiction was kind of an odd duck. Did that do away with the look through? That's my question. Right. Because here, let me start at the bottom end and you can know what I'm shooting at. The Superior Court order denying California Habeas relief says that the petitioner has not carried his burden of showing prejudice. If, in fact, there was constitutional error. Now, the question is whether that's a second half of Strickland prejudice or is it prejudice from ineffective assistance or counsel. So, is that the correct argument that he has? He has to discharge a Strickland burden of showing prejudice. The claim has always been Strickland, so no matter which— See, that's what—I'm trying to figure out what we're reviewing. Did the California Supreme Court say he—and it's an imaginary decision that we're making up for it. He didn't meet his burden of showing the second half of Strickland? Or did it say any error, any constitutional error was harmless beyond a reasonable doubt? Well, to use your paraphrase, imagine. Harrington v. Richter says when you get one of those silent denials from the California Supreme Court or any state court on collateral review, you imagine any reasonable way in which the Supreme Court could— Yeah, see, I can't imagine any reasonable way the California Supreme Court would address this except to look at the two prongs of Strickland. Exactly. Exactly. Okay. And we all agree, I think, contrary—I hope we agree, that counsel should have told him this was a second strike. If we are reviewing the California Supreme Court's decision, one reasonable way to deny relief on the— But do you—I have a question. Do you take issue with the fact that the performance was deficient? You think this is the level of professional care one expects from a lawyer in California? The advice—if we're to credit Petitioner's allegation that this is what counsel told me, the advice— Well, the judge told him. Yeah, the judge, everyone. Everyone told him. The prosecutor told him. The judge told him. His counsel told him. Everybody thought this wasn't a strike. If your argument is, well, he couldn't have been deficient because everybody else in the room thought it was one, too, I'd understand that. But surely this is deficient performance, isn't it? Deficient performance is a term of art. It was assuredly incorrect advice. First, did they satisfy the first prong of Strickland? Could any reasonable jurist find that in this case advising somebody that a conviction did not have an important consequence incorrectly doesn't fall below— doesn't qualify you for the first prong of Strickland? You know, I don't know why you want to fight your battle on the first prong. I don't. I really don't. This is not my strongest argument. I'm being asked the question so I want to be correct about it. It's not like you want to die on that hill. I'd much rather go to time limits. Okay, so take us to what we've all been interested in because I think if you think you got a win on the first prong of Strickland, you might be back at a trial. We're talking about prejudice now. Exactly, on prejudice. What do we analyze in order to determine whether there was prejudice?  As Judge Rollinson mentioned, it's Strickland by way of Hill, by way of Lee v. United States is one of the last examples of how a court is to review this claim on prejudice. And Hill tells us that the petitioner must prove that properly advised, he would have insisted on a trial. If we go to Lee, Lee sets out as a general matter. It makes sense the defendant who has no realistic defense to a charge supported by sufficient evidence will be unable to carry his burden of showing prejudice from accepting a guilty plea. That's the general rule. If you had a weak defense and you got a better outcome than you would have going to trial, you pretty much can't show prejudice. However, if you can show that there was another matter of such paramount importance that it would be rational under the circumstances to instead insist upon a trial, then maybe you can make out your prejudice claim. Isn't that the argument that opposing counsel is making, that the strike consideration was of such paramount importance that he would not have gone to trial, that he would not have pled? That was never his specific allegation. He said, I would rather not have had a second strike on my record. Now, that was his allegation. As your honors have mentioned, both the state court and the federal court require you, if you're trying to overturn a plea, that you come up with corroborating evidence of your allegations. Was there an evidentiary hearing in the superior court? I'm sorry? I don't think there was. There was no evidentiary hearing in the superior court on the habeas, was there? No. Further evidence was taken in the superior court on collateral review, but no hearing was held, if you will. What was the further evidence? For example, in the superior court, Petitioner added a few allegations to his petition, and then the prosecutor's office filed an informal response, adding more information to the record. And then in the court of appeal, when Petitioner filed his state court of appeal petition, he added his federal defender's declaration regarding some of the conversations that she had with trial counsel. That was a bit more evidence. Essentially, defense counsel said, I don't remember this case specifically, but I don't know why I would have advised Petitioner that this wasn't a strike. So that was further evidence. But Petitioner needed to show with additional evidence that this was of such paramount importance. And what the superior court, essentially what the superior court and the district judge ultimately found was that it didn't make sense that one would put such paramount importance on a speculative benefit and risk. Let me try a hypothetical situation. Yes. And I'm not sure anybody asked for the defendant to take the stand. He takes the stand and says convincingly, sorry, I wouldn't have done it. And the judge says, I believe you. He doesn't need more than that, does he? He does. In Lee, if you read through the procedure, what happened in Lee is Lee wanted to undo his guilty plea. And both Lee and his trial counsel both took the stand in post-trial proceedings. But the judge said, I don't buy it because there's other evidence. I'm positing to you a hypothetical situation where a defendant gets up there, and any of us who ever represented a defendant know that defendants aren't always rational, and says, yeah, it looks like a heck of a deal, but I wouldn't have taken it had they told me it was a strike. And the judge looks at that person in the eye and measures the credibility of that person and says, I believe you. Then the judge should grant relief in this case, right? No. That happened. Also, in addition, Padilla v. Kentucky cited in Lee, the decision to insist upon a trial has to be rational under the circumstances. See, but those are all cases in which somebody is saying, I'm trying to decide whether or not I believe the defendant. And so I look at all the surrounding circumstances, and I don't care what he says. No one would turn down the deal he got. I understand that. My question is a very simple one. Would it be sufficient for a judge to listen to a defendant on the stand and say, I believe you, you would not have taken the plea? That would be enough for the judge to find strickland prejudice, wouldn't it? The short answer, Your Honor, is I don't know. And I would like a lot more time to research that issue before I represent it to a three-judge panel that that was correct. And I'm sorry about that. The judge who held the habeas in this case was the same judge who tried the case? I do not know that. That would be relatively easy to cross-reference. Well, if you don't know it, we can figure it out. I don't. Unless there are any more questions, there was another topic of timeliness. I think the biggest mistake that some of the courts have made, both in support of this conclusion and the judges making the conclusion on the factual predicate matter, is that they were describing the fact of misadvice was what was newly discovered, the fact of misadvice. And the problem with saying it that way is misadvice, much like deficient performance, is a mixed question of law and fact. And you may be right about that, but I've got to tell you, here's what troubles me about the case. The defendant shows up in the courtroom. His lawyer, the prosecutor, and the judge all say this is not a strike. And your position is he should have been on notice that day that they were all wrong. Because that's the logical implication of your position. And I'm not sure we have to reach it in this case. I'm just saying that logical implication troubles me a lot. It would be a very difficult outcome, yes. I've had statute of limitations come down to one day before, and it's difficult to determine. The concept that a defendant, a non-lawyer defendant, should be on notice that the judge, the prosecutor, and his attorney are all wrong, that's a very tough sell. It is a tougher case on that. Factual has to mean something. It's part of the statutory. Well, it means something, but I'm not sure it means that. I will leave that one unless there are any other questions. Thank you very much. Thank you, counsel. Rebuttal. Told you so. Conviction at trial was not inevitable. It wasn't. This was, I think, a first offense for him. He wouldn't have gotten nine years. Maybe he would have gotten a midterm, California's midterm. He would have gotten more than three, probably. More than three. He wouldn't have had the strike. He would have been able to go to trial. More than three. Who? Well, he would still have a strike. Well. He would still have a strike if he were convicted. Well, you want to know what I think really happened in this case? Did you read? I want to know what the law says. I don't really care too much about what you think. I just want to know what the law says and if you're entitled to believe. One of the, one of, his affidavit says, I would have gone to trial if I'd known I was pleading to a strike. That's him standing up, sitting up. No, I understand. We're asking a question about the. The corroboration of that. Counsel, please don't interrupt the judge. We're asking a question about the. I'm sorry. That's okay. And I talked over you, so I don't take any offense at all. I. We're asking, I think, Judge Rollins and I about the strength of the case. And in looking at what little we're told about the case, it seems like. We could, you know, anybody, anybody could have gotten a conviction in this case. His defense seems to be that the semen that you found in the victim was transferred there somehow. Well, it touched transfer. It's mine. It's a legitimate. It's a. Touch transfer works very well. It's a. Except when it's when semen is found in the vagina. It strikes me as a little bit more difficult. It's still a defense. It's still reasonable doubt. I'd argue that in front of a jury in a heartbeat, Your Honor. If I had a defendant who wanted to go to trial on that, I'd argue in a heartbeat. And I guess what I would. Would you argue with a straight face? I don't need a straight face, Your Honor. I'm a defense lawyer. Good for you. Good for you. You know what? And I will. I will guarantee you on the on the facts of that case, I'd get one juror. I would get one juror. And that's all I care about. You're very confident in your ability. Not only do you have a straight face, but you must be a hell of a trial lawyer. Because when I look at this record, and it seems to me any rational, put aside the strike issue, any lawyer would say to his client on this record, if there's a deal to be had, we ought to get it. No question. No question. I mean, that's what, yes, absolutely. Take, you know, I would say take the deal. He'd say, I don't want to take the deal if it's a strike. I understand that argument. What corroborates that? And that was my point with your and Judge Watchford's discussion with the lawyer. We've got stuff he negotiated. The negotiation was all about getting rid of that strike. That's what it was. We've got enough evidence to infer that. So we have more here than his statement. What we have, I've been trying to get you to say this all along, and so thank you for saying it in the end. We have more than his statement. We have a discussion in open court that everybody thought it was important that it not be a strike, and therefore that corroborates his statement that I wouldn't have done it. And we have negotiations that corroborate his insistence on pleading to a non-strike. We have ‑‑ Counsel, you've exceeded your time, so if you could wrap up. We'll see if you get one judge here with your argument. I'm wrapped up. Thank you, Counsel. Thank you very much. Thank you both, Counsel. The case just argued is submitted for decision by the court.
judges: RAWLINSON, HURWITZ, Cardone